**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT L. WILLIAMS,<br>Plaintiff,<br>v.<br>SPARKS, CITY OF, *et al.*,<br>Defendants. | ) | 3:14-cv-00174-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>June 25, 2014 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1).[1] The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, count I of the complaint should proceed in part and should be dismissed in part with leave to amend, and count II should be dismissed without prejudice.

## I. Plaintiff's Application to Proceed *In Forma Pauperis*

Based on the financial information provided with plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

[1] Refers to the court's docket number.

## II. Screening Pursuant to 28 U.S.C. § 1915

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). While in this case plaintiff is an inmate in the custody of the Nevada Department of Corrections, this provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per

curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.     Plaintiff's Complaint

Plaintiff has named as defendants the City of Sparks, Sparks Police Department, Sparks Chief of Police Steve Keefer, and officers Scott Hale-Byron, P. Fye, and Sergeant Keating as defendants in this action (#1-1, p. 1). In count I, plaintiff alleges that on December 29, 2013, Keating, Fye and Hale-Byron entered his home while he was sleeping. *Id*. at 3. The officers pulled plaintiff onto his stomach and handcuffed him. Keating yanked him up hard by the wrists, hurting plaintiff's shoulder. Plaintiff yelled "Natalie," and the officers told him to shut up and threw him down face first and his head hit the night stand. No defendants ever asked plaintiff if he needed medical attention. In one sentence at the conclusion of count I, plaintiff alleges that the police chief, the city and the police department fail to properly train their officers. *Id*.

"A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*." *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (*en banc*). Under *Graham*, "all claims that law enforcement officers have used excessive force—

deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' ... should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386 395 (1989). The "objective reasonableness" standard takes into account "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. This analysis "requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interests at stake' to determine whether the force used was objectively reasonable under the circumstances." *Smith*, 394 F.3d at 701. Thus, the court first assesses the force used to arrest the plaintiff and then "measure[s] the governmental interests at stake by evaluating a range of factors." *Deorle v. Rutherford*, 272 F.3d 1272, 1279–80 (9th Cir. 2001). Factors considered in assessing the government interests at stake include "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Courts may also consider "the availability of alternative methods of capturing or subduing a suspect." *Smith*, 394 F.3d at 701; *see also Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (D. Nev. 2007).

At this early stage of litigation, with his allegations that officers threw him to the ground while he was handcuffed and he hit his head on the nightstand, plaintiff states a colorable Fourth Amendment excessive force claim against defendants Keating, Fye and Hale-Byron.

The city defendants may be liable for defendant officers' conduct if the alleged unconstitutional conduct resulted in some way from a policy statement, ordinance, regulation, custom, or a failure to train or supervise that rises to a level of deliberate indifference to the constitutional rights of citizens who come into contact with Sparks police officers. *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991); *Monell v. Dept. of Soc. Servs.*, 436 U.S.

658, 690-91 (1978).  However, plaintiff's vague, conclusory allegations are insufficient to state a claim against the city defendants.  Accordingly, the claims against the city defendants, as currently alleged, should be dismissed.  However, plaintiff should have leave to amend these claims if he is able to set forth specific bases for his claims and support each claim with factual allegations about each defendant's actions.  If plaintiff elects to file an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated—or any other basis for his claims—and support each claim with factual allegations about each defendant's actions.

In count II, plaintiff claims that defendants conspired with witnesses and alleged victims and persuaded them to change their stories, at which point plaintiff was "railroaded with more charges" (#1-1, p. 5).  However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Further, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.  While plaintiff may have a basis to seek a federal writ of *habeas corpus*, he cannot state a claim under 42 U.S.C. § 1983.  As such, the court recommends that count II be dismissed without prejudice.

In sum, count II should be dismissed without prejudice. Count I should proceed against defendants Keating, Fye and Hale-Byron. The claims in count I against the city defendants should be dismissed with leave to amend. If plaintiff elects to file an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated—or any other basis for his claims—and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If plaintiff chooses not to file an amended complaint, his complaint shall proceed on count I as set forth in this order.

**IV. Conclusion**

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the

Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Robert L. Williams, **Inmate No. 1118862** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER RECOMMENDED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER RECOMMENDED** that the Clerk **SHALL FILE** plaintiff's complaint (#1-1).

**IT IS FURTHER RECOMMENDED** that count II of plaintiff's complaint be **DISMISSED without prejudice**.

**IT IS FURTHER RECOMMENDED** that the Fourth Amendment excessive force claims against defendants Keating, Fye, and Hale-Byron set forth in count I of plaintiff's complaint **PROCEED**.

**IT IS FURTHER RECOMMENDED** that the claims set forth against defendants City of Sparks, Sparks Police Department and Sparks Police Chief plaintiff's complaint be **DISMISSED without prejudice and WITH LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that plaintiff shall have **thirty (30) days** from the date of this order within which to file his first amended complaint remedying, if possible, the defects in the complaint explained above.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  Plaintiff is advised that if he does not file a first amended complaint within the time period specified above, his complaint shall proceed as to count I as set forth in this order.  Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and plaintiff shall place the case number, 3:14-cv-00174-RCJ-VPC, above the words "FIRST AMENDED COMPLAINT."

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED**:  June 25, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**